FILED

SEP - 9 2015

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
SUPPRESSED

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. **4:15CR00420 ERW/DDN** |
| OLGA MATA a.k.a. OLGA JAIMES, | ) | |
| Defendant. | ) | |

### INDICTMENT

### COUNT I

The Grand Jury charges that:

At all times pertinent to the indictment:

**A. Introduction**

1.     The State of Missouri Department of Revenue has the duty of ensuring that motor vehicles belonging to the residents of the state are properly titled. Individuals who obtain their vehicles from private parties must title them within 30 days of their purchase by taking specified documents to one of the Department of Revenue Offices or authorized private contractors located throughout the State of Missouri. The documents include an Application for Missouri Title, a safety inspection, paid personal property tax receipt or statement of non-assessment, and proof of insurance. Vehicles may be registered for one or two years. To renew registration of a vehicle, individuals must take certain documents to one of the Department of Revenue Offices or

1

authorized private contractors located in Missouri. These documents include a safety inspection, paid personal property tax receipt or statement of non-assessment, and proof of insurance.

2.     The federal Clean Air Act (CAA) Amendments of 1990 established human health-based air quality standards known as the National Ambient Air Quality Standards (NAAQS). Areas that exceed the NAAQS are known as "non-attainment areas." Depending on the amount of criteria pollutants that exceed the standards, areas are classified as marginal, moderate, serious, severe or extreme.

3.     The Greater St. Louis Area is classified as a marginal 8 hour ozone non-attainment area under the Clean Air Act. The specific areas in Missouri affected by this designation included: St. Louis City, St. Louis County, Franklin County, Jefferson County and St. Charles County. The State of Missouri was required to develop and submit to the U.S. Environmental Protection Agency (EPA) a state implementation plan (SIP), which included a mandatory vehicle emissions program and detailed the State's plans for bringing non-attainment areas into compliance. 42 U.S.C. § 7511a.

4.     Pursuant to the CAA, vehicle Inspection/Maintenance ("I/M") programs are required in both ozone and carbon monoxide nonattainment areas. 42 U.S.C. § 7511a. A vehicle Inspection/Maintenance program is required in the Greater St. Louis Area.

5.     Due to this area's non-attainment status, the State of Missouri was required by the EPA to develop a State Implementation Plan intended to enhance the air quality. The State of Missouri, through the Missouri Department of Natural Resources, developed what was commonly known as the Gateway Clean Air Program, now the Gateway Vehicle Inspection Program. Under

2

this program, vehicles registered in the five-county non-attainment area are required to submit their vehicles to emissions testing and receive a passing score. Under both programs, a failed test means the vehicle has not met U.S. Environmental Protection Agency emissions standards.

6.      In the five-county non-attainment area, automobile owners must provide a passing emissions test and safety inspection before receiving a registration renewal and the inspectors and mechanics performing emissions tests and safety inspections must be licensed by the State of Missouri.

7.      Once the automobile owner provides the appropriate documentation to the local Department of Revenue office in order to obtain a new registration, including the passing emissions test results, the receiving office forwards, through the U.S. Postal Service, the specified documents to the Department of Revenue in Jefferson City, Missouri.  Upon receipt of the documents, the Department processes the application.  If approved, the Department mails the requested title to the registered owner at the designated address.  For registration renewals, the Department of Revenue office provides the renewal to the vehicle owner at the time of the application.

**B.**     **The Scheme to Defraud**

1.      Between in or about January 2013, and in or about April 30, 2015, in the Eastern District of Missouri and elsewhere,

**OLGA MATA, a.k.a. OLGA JAIMES,**

the defendant herein, devised and intended to devise a scheme and artifice to defraud and to

obtain money and property by means of material false and fraudulent pretenses, representations

and promises, which scheme and artifice to defraud is more fully described, as follows:

2.       It was part of said scheme and artifice to defraud that defendant Olga Mata

obtained State of Missouri vehicle registrations, registration renewals and license plates for

various individuals for a fee, knowing vehicles in some cases had failed required emissions testing

and avoiding State of Missouri taxes.

3.    .    It was part of said scheme and artifice to defraud that defendant Olga Mata

obtained State of Missouri Certificate of Titles for vehicles from individuals who resided in the

five-county non-attainment area and whose vehicles had failed the emissions testing.  Defendant

Olga Mata knew said vehicles had failed the emissions testing.

4.       It was part of said scheme and artifice to defraud that defendant Olga Mata

produced or obtained false and fraudulent bill of sale documents on motor vehicles reducing the

actual sales price or stating the vehicle was a gift for the purpose of reducing or eliminating the

amount of Missouri state sales tax due and owing on particular vehicles.

5.       It was part of said scheme and artifice to defraud that defendant Olga Mata

obtained fraudulent personal property receipt, and/or tax waivers for the purpose of proving

property taxes were paid or not owed in order for vehicle owners to register their vehicles.

6.       It was part of said scheme and artifice to defraud that defendant Olga Mata

presented to the Missouri Department of Revenue Office documents that falsely stated that the

owners resided outside the five-county non-attainment area so that the vehicles were not required to comply with emissions testing.

7.      It was part of said scheme and artifice to defraud that defendant Olga Mata concealed from the Missouri Department of Revenue the emissions testing results that showed that the vehicles had failed the emissions testing.  The emissions testing results are maintained by and for various State of Missouri agencies to certify compliance to the EPA's basic vehicle emissions and inspection program.

8.      It was part of said scheme and artifice to defraud that, in reliance on the false statements and representations and omissions made by defendant Olga Mata, these documents would then be processed as true and correct by the office fee/contract clerks bypassing vehicle emissions testing and depriving the state of Missouri of fees and taxes.

9.      It was part of said scheme and artifice to defraud that, in reliance on the false statements and representations and omissions made by defendant Olga Mata, the State of Missouri issued vehicle registrations and renewals for said vehicles.

10.      It is a federal crime for any person to knowingly make any false material statement, representation, or certification in, or to omit material information from, or to knowingly alter, conceal, or fail to file or maintain any notice, application, record, report, plan, or other document required pursuant to the Clean Air Act to be either filed or maintained (whether with respect to requirement imposed by the EPA Administrator or by a State).

C. **The Mailing**

1.      On or about December 29, 2014, in the Eastern District of Missouri and elsewhere,

**OLGA MATA, a.k.a. OLGA JAIMES,**

defendant herein, for the purpose of executing the aforementioned scheme and artifice to defraud

and to obtain money and property by means of false and fraudulent pretenses and representations,

and attempting to do so, did knowingly and willfully place and cause to be placed in a U.S. Post

Office or authorized depository for mail matter, an envelope containing an Original Motor Vehicle

Title Receipt falsely stating that the 1996 Dodge Ram pickup truck was acquired as a gift, a State

of Missouri Certificate of Title bearing a fictitious seller signature, and a fraudulent Application

for Missouri Title and License mailed from 9652 Olive Boulevard, St. Louis, Missouri 63132-

0000, to the Missouri Department of Revenue, Motor Vehicle Bureau, P.O. Box 3111, Jefferson

City, Missouri 65102-3111.

      In violation of Title 18, United States Code, Sections 2 and 1341.

COUNT TWO

    1.     The Grand Jury realleges paragraphs one through seven of Section A and

paragraphs one through ten of Section B of Count One, which are incorporated herein as if fully

set forth.

    2.     The Grand Jury further charges:

      On or about February 23, 2015, in the Eastern District of Missouri,

**OLGA MATA, a.k.a. OLGA JAIMES,**

defendant herein, for the purpose of executing the aforementioned scheme and artifice to defraud

and to obtain money and property by means of false and fraudulent pretenses and representations,

and attempting to do so, did knowingly and willfully place and cause to be placed in a U.S. Post

6

Office or authorized depository for mail matter, an envelope containing an Original Motor Vehicle Title Receipt fraudulently stating that the 2000 Kia Sportage was acquired as a gift, a State of Missouri Certificate of Title and a fraudulent Application for Missouri Title and License mailed from 9652 Olive Boulevard, St. Louis, Missouri 63132-0000, to the Missouri Department of Revenue, Motor Vehicle Bureau, P.O. Box 3111, Jefferson City, Missouri 65102-3111.

In violation of Title 18, United States Code, Sections 2 and 1341.

## COUNT THREE

1.     The Grand Jury realleges paragraphs one through seven of Section A and paragraphs one through ten of Section B of Count One, which are incorporated herein as if fully set forth.

2.     The Grand Jury further charges:

On or about December 29, 2014, in the Eastern District of Missouri,

**OLGA MATA, a.k.a. OLGA JAIMES,**

the defendant herein, knowingly made a false material statement, representation, and certification in, and omitted material information from, and knowingly altered, concealed, and failed to file and maintain any notice, application, record, report, plan, and other document required pursuant to the Clean Air Act to be filed and maintained (whether with respect to requirement imposed by the EPA Administrator or by a State); that is, defendant Olga Mata knowingly omitted information that a 1996 Dodge Ram pickup truck had failed the emissions testing and knowingly failed to register said vehicle in the appropriate county.

In violation of Title 42, United States Code, Section 7413(c)(2)(A).

7

## COUNT FOUR

1.       The Grand Jury realleges paragraphs one through seven of Section A and paragraphs one through ten of Section B of Count One, which are incorporated herein as if fully set forth.

2.       The Grand Jury further charges:

On or about February 23, 2015, in the Eastern District of Missouri,

**OLGA MATA, a.k.a. OLGA JAIMES,**

the defendant herein, knowingly made a false material statement, representation, and certification in, and omitted material information from, and knowingly altered, concealed, and failed to file and maintain any notice, application, record, report, plan, and other document required pursuant to the Clean Air Act to be filed and maintained (whether with respect to requirement imposed by the EPA Administrator or by a State); that is, defendant Olga Mata knowingly omitted information that a 2000 Kia Sportage had failed the emissions testing and knowingly failed to register the vehicle in the appropriate county.

In violation of Title 42, United States Code, Section 7413(c)(2)(A).

## FORFEITURE ALLEGATION

1.       Pursuant to Title 18, United States Code, Sections 981(a) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Section 1341 as set forth in Counts One and Two, the defendant shall forfeit to the United States of America any property, real or personal, constituting or derived from any proceeds traceable to such violations.

8

2.      Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to such violations.

3.      If any of the property described above, as a result of any act or omission of the defendant:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

_____

FOREPERSON

RICHARD G. CALLAHAN
United States Attorney

_____

CARRIE COSTANTIN, #35925MO
Assistant United States Attorney

9