UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  4:15 CR 420 ERW |
| | ) | |
| OLGA MATA, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM</u>**

Comes now the United States of America, by and through its attorneys, Richard G. Callahan, United States Attorney for the Eastern District of Missouri, and Carrie Costantin, First Assistant United States Attorney for said District, and files its Response to Defendant's Sentencing Memorandum.

Defendant pled guilty to one count of Mail Fraud and two counts of Violation of the Clean Air Act.   Her sentencing is set on May 31, 2016.   The Presentence Investigation Report (PSR) found that the Total Offense Level was 14 and the Criminal History Category was II. The advisory guideline range, according to the PSR, is 18 to 24 months.   The Government requests that the Court sentence the defendant to a significant term of imprisonment.

In *United States v Haack*, 403 F.3d 997 (8th Cir. 2005), the Court of Appeals described the process that the District Court should follow in determining a sentence in light of *United States v. Booker*, 125 S. Ct. 738 (2005).   The Court should first determine the guideline range based upon all enhancements and the defendant's criminal history.   Second, the Court should

determine if any guideline departures apply. Finally, the Court should determine if the guideline range is reasonable considering all factors listed in Title 18, United States Code, Section 3553(a). *Haack*, 1002-1003. The parties have agreed on a Total Offense Level of 14 with a resultant guideline range of 18 to 24 months. Both parties have the ability to ask for a variance from the guideline range.

Neither party has formally requested a sentencing departure. However, defendant requests that the Court vary downward from the advisory guideline range based on Section 3553(a) to a non-custodial sentence. The Government requests a significant prison sentence.

Section 3553(a) factors

Title 18, United States Code, Section 3553(a) lists the following factors relevant to sentencing:

1) the nature and circumstances of the offense and the history and characteristics of the defendant;

2) the need for the sentence imposed --

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

3) the kinds of sentences available;

4) the kinds of sentences and the sentencing range established for--

      (A) the applicable category of offenses committed by the applicable category of defendant as set forth in the guidelines...

5) any pertinent policy statement ---

      (A) issued by the Sentencing Commission...

6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct...

The application of these factors in this case supports a significant prison sentence.

From January 2013 through the execution of the search warrant in April 2015, the defendant, in effect, ran a business from her home in which she provided vehicle owners with false documents to avoid emissions testing, false bills of sale/gift to reduce taxes, and false property tax waivers/receipts. During this time, she obtained over 200 fraudulent registrations and charged each owner $580. PSR, para. 20. Her gain from these criminal activities was approximately $120,000.

Defendant had a horrendous childhood in Mexico. She illegally entered the United States in 1983. She has three stealing prior convictions. During her Florida stealing arrest, she used a false name. PSR, para. 40. She has used two different social security numbers, one of which is associated with a fraudulent death benefits claim. PSR, para. 67. She concealed her ownership of an Illinois restaurant from the Probation Office. PSR, para. 65, 68.

She committed the charged mail fraud while suffering from the same medical conditions that she has today. She is currently in removal proceedings and is subject to deportation.

The statute requires the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." Defendant completely

subverted the Missouri system for the proper registration of motor vehicles.   Her actions deprived the state of revenue and the citizens of clean air.   She ran this "business" for two years and obtained over 200 fraudulent registrations.   A significant prison sentence promotes respect for the law and would be a just punishment.

Defense counsel has requested a non-custodial sentence.   A sentence of probation, even with house arrest, would not adequately deter defendant from repeating her fraud.   House arrest would simply confine her to the location that she committed her crimes.

Conclusion

A consideration of the factors listed in Section 3553(a) supports the imposition of a significant sentence of imprisonment.

Respectfully submitted,

RICHARD G. CALLAHAN
United States Attorney

   *S/ Carrie Costantin*
CARRIE A. COSTANTIN 35925MO
First Assistant United States Attorney
111 S. 10th   Street, Room 20.333
St. Louis, Missouri   63102
(314) 539-2200
 carrie.costantin@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on May 24, 2016, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the all parties of record.

s/*Carrie Costantin*
CARRIE COSTANTIN #35925
Assistant United States Attorney

4